UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE NINO,<br><br>        Plaintiff,<br><br>   v.<br><br>J. MUNOZ, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01722-JLT (PC)<br><br>**ORDER TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE**<br><br>45-DAY-DEADLINE<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 2) |

Plaintiff has not paid the $400 filing fee for this action or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, the Court ORDERS Plaintiff, **within 45 days** of the date of service of this order, to submit the attached application to proceed *in forma pauperis*, completed and signed, or, in the alternative, pay the $400 filing fee. No requests for extension will be granted without a showing of good cause. **Failure to comply with this order will result in dismissal of this action.**

Plaintiff also requests the appointment of counsel to represent him in this action (Doc. 2.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary

assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Accordingly, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated:   **December 9, 2020**                     **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE