UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE NINO,<br>　　　　　　Plaintiff,<br>　　v.<br>J. MUNOZ, et al.,<br>　　　　　　Defendants. | Case No. 1:20-cv-01722-JLT (PC)<br>**ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br>(Doc. 1)<br>21-DAY DEADLINE |

Joe Nino alleges the defendants subjected him to retaliation and cruel and unusual punishment. (Doc. 1.) The Court finds that Plaintiff states cognizable claims against Defendants Munoz, Carillo, Harris, Masferrer, and an unnamed sergeant, but not against the remaining defendants. Therefore, the Court directs Plaintiff to file a first amended complaint curing the deficiencies in his pleading or a notice that he wishes to proceed only on the claims found cognizable.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

2

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III. PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff's claims stem from incidents that occurred while he was incarcerated at California Correctional Institution. (Doc. 1 at 1.) On December 31, 2018, Correctional Officers Harris and Masferrer approached Plaintiff's cell, at which point Plaintiff "ran to the toilet . . . and flushed some contraband." (*Id.* at 21.) The officers yelled at Plaintiff, then placed him in handcuffs and pushed him to the ground. (*Id.*) The officers continued yelling at Plaintiff, asking him what he had flushed, and searched his body and clothing. (*Id.* at 21-22.) The officers then pulled Plaintiff's pants and boxers down and sprayed him with pepper spray, "laughing and coughing at the same time." (*Id.* at 22.) One of the officers "spread [Plaintiff's] buttocks . . . and . . . penetrated his rectum" with his fingers. (*Id.*) As the officers were escorting Plaintiff out of the building, they pushed him against a wall and repeatedly punched him with closed fists in his back and rib area, while an unnamed sergeant ("Sergeant John Doe") laughed with the officers. (*Id.*) The sergeant then told the officers, "that's it, take him to the front." (*Id.*) Officer Harris then kicked Plaintiff in the genitals. (*Id.*) After the incident, Plaintiff filed grievances for excessive force and sexual assault. (*See id.* at 7.)

On July 29, 2019, Correctional Officers Carillo and Munoz approached Plaintiff in the exercise yard and ordered him to turn around and place his hands behind his back. (*Id.* at 5.)

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

1  Plaintiff complied, and Munoz placed him in handcuffs while Carillo put leg irons around his
2  ankles. (*Id.*) As the officers were escorting Plaintiff away, Munoz tripped Plaintiff, and the
3  officers slammed him to the floor. (*Id.* at 5-6.) The officers then punched Plaintiff in his head and
4  face, as Plaintiff yelled for them to stop. (*Id.* at 6.) Officer Munoz then "placed his hand around
5  [Plaintiff's] neck and stated, 'you know what this is for motherfucker, you want to write me and
6  my partners up, the ball is in your court.'" (*Id.*) When the officers stopped punching, Munoz
7  stood up and kicked Plaintiff, stating, "snitch." (*Id.*) As "nurses and ISU" approached, Munoz
8  said to Carillo, "we will say that he kicked you and tried to spit, okay?" to which Carillo
9  responded, "cool." (*Id.*) Plaintiff was then escorted to the facility's medical clinic, and he was
10 later transferred to an outside hospital. (*Id.*)

When Plaintiff returned to the prison, Munoz approached his holding cell, stating, "we sent you back your complaint for excessive force and P.R.E.A. allegations against Harris, if you know what['s] better for you, then you better drop it." (*Id.* at 7.) Plaintiff replied that he would not drop his complaint. (*Id.*) Plaintiff was then transferred to Kern Valley State Prison. (*Id.*)

As a result of the July 29, 2019 incident, Plaintiff suffered a laceration above his eyebrow, which required stitches; a concussion; bruises; headaches; and a "subclinical iritis." (*Id.* at 6-7.) Plaintiff experienced pain and blurriness in his eye, and he now requires prescription glasses.

**IV.   DISCUSSION**

**A. Excessive Force**

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (citations omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances

and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

Plaintiff states cognizable claims of excessive force against Defendants Harris, Masferrer, Carillo, and Munoz. On December 31, 2018, Plaintiff alleges Officers Harris and Masferrer pulled off his pants and underwear and sprayed his back area with pepper spray, after they had placed him in handcuffs and taken him to the ground. (Doc. 1 at 21-22.) Plaintiff states that the officers then punched him repeatedly in the back and rib area, and that Harris kicked him in the genitals. (*Id.* at 22.) On July 29, 2019, Plaintiff alleges that Officers Carillo and Munoz slammed him on the ground and punched him in the head and face, after they had restrained him in handcuffs and leg irons. (*Id.* at 5-6.) Plaintiff states that Munoz also kicked him. In both of these cases, Plaintiff's allegations show that the officers applied force that was excessive and unnecessary and for the purpose of causing harm, not to maintain or restore security, and that he suffered significant injuries as a result.

Plaintiff does not state a cognizable claim against Correctional Sergeant Escarcega or the unnamed warden of CCI ("Warden John Doe"). With respect to Escarcega, Plaintiff does not mention the sergeant in his factual allegations, despite naming him as a defendant. Plaintiff thus fails to link this defendant to his claims. *See* Section II.B, *supra*. With respect to Warden John Doe, Plaintiff alleges the warden "fail[ed] to adequately train custody staff in the appropriate use of force and . . . fail[ed] to investigate the incident or discipline the other defendants." (Doc. 1 at 11, 19.) This statement, however, is conclusory and lacks factual support. Plaintiff does not

provide any facts showing that the warden failed to adequately train or discipline his staff or investigate the incident, or that his actions or inactions were otherwise a cause of the Eighth Amendment violations of which he complains. As explained in section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

To the extent that Plaintiff names Sergeant Escarcega and Warden John Doe simply because they hold supervisory positions, the Court notes that section 1983 does not impose liability on a supervisor merely because her subordinate has violated Plaintiff's rights. *See id.* at 676-77. To impose individual liability, a plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those she supervised. *See id.* If Plaintiff is unable to make this showing with respect to any defendant(s), then he should not include the defendant(s) in an amended complaint.

### B. Failure to Intercede

"[O]fficers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996) (citations omitted). In cases involving a failure to intercede, "the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Id.* Thus, where a plaintiff alleges that a "prison officer . . . failed to intervene while his fellow prison officers used excessive force," "[t]he core judicial inquiry is whether the prison officer maliciously and sadistically failed to intervene to cause harm." *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-JLT, 2020 WL 264422, at *17 (E.D. Cal. Jan. 17, 2020). "Importantly, . . . officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation omitted).

Plaintiff alleges that Sergeant John Doe watched and laughed as Officers Harris and Masferrer pushed him against a wall and punched him in the back and rib area. (Doc. 1 at 22.) This allegation is sufficient to show that the sergeant failed to intervene for the purpose of causing harm. Plaintiff thus states a cognizable failure-to-intercede claim against this defendant.

**C. Sexual Assault**

"Sexual . . . abuse of an inmate by a corrections officer is a violation of the [Cruel and Unusual Punishments Clause of the] Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). "In the simplest and most absolute of terms, . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse. . ." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (as quoted in *Wood*, 692 F.3d at 1046).

As explained above, cruel and unusual punishment claims have objective and subjective components. *See Hudson v. McMillian*, 503 U.S. 1, 8 (citation omitted). In cases of coercive sexual conduct by a prison guard against a prisoner, the Ninth Circuit has held that the conduct itself satisfies the objective prong, since it is "deeply offensive to human dignity and is completely void of penological justification." *Wood*, 692 F.3d at 1051 (quoting *Schwenk*, 204 F.3d at 1196) (internal quotation marks omitted). Similarly, "the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm," and thus the conduct standing alone satisfies the subjective prong. *Id.* at 1050 (internal quotation marks and citations omitted).

Plaintiff states a cognizable claim of sexual assault against Correctional Officers Harris and Masferrer. Plaintiff alleges that one of the officers "penetrated [Plaintiff's] rectum" with his fingers, after both officers had taken Plaintiff to the ground in handcuffs and pepper sprayed him. (Doc. 1 at 22.) This allegation satisfies both prongs of an Eighth Amendment claim.

**D. Retaliation**

A claim of First Amendment retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse

action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution.'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states cognizable retaliation claims against Correctional Officers Munoz and Carillo. Plaintiff alleges that he engaged in protected activity, i.e., filing staff complaints regarding the December 31, 2018 incident of alleged excessive force and sexual assault, and that Munoz and Carillo subjected him to adverse action because of his engagement in the protected activity, i.e., subjecting him to excessive force on July 29, 2019. (Doc. 1 at 13-17.) Plaintiff does not allege that the officers' actions would chill or silence a person of ordinary firmness; however, he alleges that he was harmed, and "harm that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d at 568 n.11.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint states cognizable claims against Defendants Munoz, Carillo, Harris, Masferrer, and Sergeant John Doe, but not against the remaining defendants. Because he may be able to cure the deficiencies in his pleading, the Court grants Plaintiff leave to amend. **Within 21 days** of the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein or, in the alternative, notify the Court that he wishes to proceed only on the claims found cognizable. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, a first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding

unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** of the date of service of this order, Plaintiff shall file **one of the following three items**:
    a. a first amended complaint curing the deficiencies identified in this order, or
    b. a notice that he does not wish to file a first amended complaint and instead wishes to (1) proceed only on his claims of excessive force or failure to intercede against Defendants Munoz, Carillo, Harris, Masferrer, and Sergeant John Doe; retaliation against Defendants Munoz and Carillo; and sexual assault against Defendants Harris and Masferrer, and (2) dismiss the remaining claims and defendants, or
    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **July 7, 2021**          _ /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE