1
2
3
4
5
6
7
8

9                     UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11

12   JOE NINO,                                Case No. 1:20-cv-01722-KES-CDB (PC)

13              Plaintiff,

14        v.                                 **AMENDED ORDER SETTING**
                                             **SETTLEMENT CONFERENCE AND**
15   J. MUNOZ, et al.,                       **PROCEDURES**

16              Defendants.

17

18        Plaintiff Joe Nino, appearing through counsel, brought this civil rights action pursuant to

19   42 U.S.C. §1983. The Court has determined that this case will benefit from a settlement

20   conference. Therefore, this case will be referred to Magistrate Judge Erica P. Grosjean to conduct

21   a settlement conference on **April 1, 2025,**[1] **at 1:00 p.m**. The settlement conference will be

22   conducted by remote means, with all parties appearing by Zoom video conference.  The Court

23   will issue the necessary transportation order in due course.

24        In accordance with the above, **IT IS HEREBY ORDERED** that:

25   1.   This case is referred to Magistrate Judge Erica P. Grosjean for a settlement conference

26        set for April 1, 2025, at 1:00 p.m.  The settlement conference will be conducted by

27        remote means, with all parties appearing by Zoom video conference.

28

---

[1] The settlement conference was previously scheduled for March 12, 2025, but has been rescheduled to accommodate Kern Valley State Prison following its conflict involving facility availability.

1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person[2]. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference. It is recommended that pertinent evidence to be offered at trial, documents or otherwise, be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date. Absent permission from the Court, in addition to counsel who will try the case being present, the individual parties shall also be present. In the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer shall also be present. A representative with unlimited authority shall either attend in person or be available by phone throughout the conference. In other words, having settlement authority "up to a certain amount" is not acceptable. **IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD BE FUTILE, THEN THAT**

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

**PARTY SHALL CONTACT THE COURT NOT LATER THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT CONFERENCE.**

4. Parties are directed to submit confidential settlement statements no later than March 24, 2025, to epgorders@caed.uscourts.gov.  Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Erica P. Grosjean, USDC CAED, 2500 Tulare Street, Room 1501, Fresno, California 93721, so it arrives no later than March 5, 2025.  The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT."  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

  a.  A brief statement of the facts of the case.

  b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

  d.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

1

2          e.  A brief statement of the party's expectations and goals for the settlement

3              conference, including how much the party is willing to accept and/or willing to

4              pay.

5          f.  If the parties intend to discuss the joint settlement of any other actions or claims

6              not in this suit, give a brief description of each action or claim as set forth above,

7              including case number(s) if applicable.

8      5.  The Clerk of the Court is directed to serve a copy of this order on the Litigation Office

9          at Kern Valley State Prison via facsimile at (661) 720-4949 or via email.

10  IT IS SO ORDERED.

11      Dated:   **January 16, 2025**      _____

12                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28