1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Jon S. Allin, State Bar No. 155069
   Supervising Deputy Attorney General
3  Jeremy Duggan, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-6008
6    Fax:  (916) 324-5205
     E-mail:  Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Defendants*
   *Masferrer, Carrillo, Munoz, Harris and Escarcega*

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10                           FRESNO DIVISION

11

12

13  **JOE NINO,**                          | 1:20-CV-01722-KES-CDB (PC)

14                          Plaintiff,      | [~~PROPOSED~~] STIPULATED
                                            | PROTECTIVE ORDER
15          **v.**
                                            | Judge:        The Honorable Kirk E.
16                                          |               Sherriff
    **J. MUNOZ, et al.,**                   | Action Filed:  December 7, 2020
17
                          Defendants.
18

19

20        To facilitate discovery in this matter, Plaintiff Joe Nino and Defendants Masferrer,

21  Carrillo, Munoz, Harris, and Escarcega stipulate that all information, testimony, documents, or

22  things produced or given (by a party or by a non-party) as part of discovery in this action shall be

23  governed by this Stipulated Protective Order, which designates certain material as

24  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25  1.       PURPOSES AND LIMITATIONS

26        Disclosure and discovery activity in this action are likely to involve production of

27  confidential, proprietary, or private information for which special protection from public

28  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

                                          1

1    Accordingly, the parties stipulate to and petition the court to enter the following Stipulated

2    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

3    all disclosures or responses to discovery and that the protection it affords from public disclosure

4    and use extends only to the limited information or items that are entitled to confidential treatment

5    under the applicable legal principles.  The parties further acknowledge, as set forth in Section

6    12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

7    information under seal; Eastern District Local Rule 141 sets forth the procedures that must be

8    followed and the standards that will be applied when a party seeks permission from the court to

9    file material under seal.

10    2.    DEFINITIONS

11        2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

12    information or items under this Order.

13        2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

14    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

15    of Civil Procedure 26(c).

16        2.3    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

17    extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

18    Non-Party would create a substantial risk of serious harm that could not be avoided by less

19    restrictive means.  The criteria for such designation shall be whether the Party has a good-faith

20    belief that the information is entitled to protection from disclosure to non-attorneys, because such

21    information threatens the safety of individuals or inmates, or threatens the safety and security of a

22    prison.

23        2.4    Counsel (without qualifier):  Counsel of Record (as well as their support staff).

24        2.5    Designating Party:  a Party or Non-Party that designates information or items that

25    it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

26    "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27        2.6    Disclosure or Discovery Material:  all items or information, regardless of the

28    medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm or government agency which has appeared on behalf of that party.

2.10     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

3

1  Material.  However, the protections conferred by this Stipulated Protective Order do not cover the

2  following information: (a) any information that is in the public domain at the time of disclosure to

3  a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

4  a result of publication not involving a violation of this Order, including becoming part of the

5  public record through trial or otherwise; and (b) any information known to the Receiving Party

6  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

7  obtained the information lawfully and under no obligation of confidentiality to the Designating

8  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

9  4.   <u>DURATION</u>

10       Even after final disposition of this litigation, the confidentiality obligations imposed by

11  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

12  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

13  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

14  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

15  including the time limits for filing any motions or applications for extension of time pursuant to

16  applicable law.

17  5.   <u>DESIGNATING PROTECTED MATERIAL</u>

18       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

19       Each Party or Non-Party that designates information or items for protection under this

20  Order must take care to limit any such designation to specific material that qualifies under the

21  appropriate standards.  The Designating Party must designate for protection only those parts of

22  material, documents, items, or oral or written communications that qualify so that other portions

23  of the material, documents, items, or communications for which protection is not warranted are

24  not swept unjustifiably within the ambit of this Order.

25       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

26  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

27  unnecessarily encumber or retard the case development process or to impose unnecessary

28  expenses and burdens on other parties) expose the Designating Party to sanctions.

4

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

5

1   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

2   specify, for each portion, the level of protection being asserted.

3       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

4   Designating Party identify on the record, before the close of the deposition, hearing, or other

5   proceeding, all protected testimony and specify the level of protection being asserted. When it is

6   impractical to identify separately each portion of testimony that is entitled to protection and it

7   appears that substantial portions of the testimony may qualify for protection, the Designating

8   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

9   a right to have up to 21 days after receiving a transcript of the deposition (including a rough

10  transcript, if applicable), to identify the specific portions of the testimony as to which protection

11  is sought and to specify the level of protection being asserted. Only those portions of the

12  testimony that are appropriately designated for protection within the 21 days shall be covered by

13  the provisions of this Stipulated Proposed Protective Order.  Alternatively, a Designating Party

14  may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that

15  the entire transcript shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY."

17      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

18  other proceeding to include Protected Material so that the other parties can ensure that only

19  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

20  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

21  shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY."

23      Transcripts containing Protected Material shall have an obvious legend on the title page

24  that the transcript contains Protected Material, and the title page shall be followed by a list of all

25  pages (including line numbers as appropriate) that have been designated as Protected Material and

26  the level of protection being asserted by the Designating Party.  The Designating Party shall

27  inform the court reporter of these requirements.  Any transcript that is prepared before the

28  expiration of a 21-day period for designation shall be treated during that period as if it had been

1   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

2   agreed.  After the expiration of that period, the transcript shall be treated only as actually

3   designated.

4         (c)  for information produced in some form other than documentary and for any other

5   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

6   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

7   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the

8   information or item warrant protection, the Producing Party, to the extent practicable, shall

9   identify the protected portion(s).

10        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

11   designate qualified information or items does not, standing alone, waive the Designating Party's

12   right to secure protection under this Order for such material.  Upon timely correction of a

13   designation, the Receiving Party must make reasonable efforts to assure that the material is

14   treated in accordance with the provisions of this Order.

15   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

17   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

18   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

19   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

20   challenge a confidentiality designation by electing not to mount a challenge promptly after the

21   original designation is disclosed.

22        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

23   process by providing written notice of each designation it is challenging and describing the basis

24   for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

25   notice must recite that the challenge to confidentiality is being made in accordance with this

26   specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

27   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

28   forms of communication are not sufficient) within 14 days of the date of service of notice.  In

7

1  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

2  designation was not proper and must give the Designating Party an opportunity to review the

3  designated material, to reconsider the circumstances, and, if no change in designation is offered,

4  to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

5  stage of the challenge process only if it has engaged in this meet and confer process first or

6  establishes that the Designating Party is unwilling to participate in the meet and confer process in

7  a timely manner.

8         6.3    Judicial Intervention.

9         If the Parties cannot resolve a challenge without court intervention, either party may file

10  and serve a motion to retain or challenge a confidentiality designation after 30 days have passed

11  from the initial notice of challenge or after the parties have agreed that the meet-and-confer

12  process will not resolve their dispute.  Each such motion must be accompanied by a competent

13  declaration affirming that the movant has complied with the meet-and-confer requirements

14  imposed in the preceding paragraph.

15         The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

17  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

18  sanctions.  All parties shall continue to afford the material in question the level of protection to

19  which it is entitled under the Producing Party's designation until the court rules on the challenge.

20  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

21         7.1    Basic Principles.

22         A Receiving Party may use Protected Material that is disclosed or produced by another

23  Party or by a Non-Party in connection with this case only for prosecuting, defending, or

24  attempting to settle this litigation.  Such Protected Material may be disclosed only to the

25  categories of persons and under the conditions described in this Order.  When the litigation has

26  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

27  DISPOSITION).

28         Protected Material must be stored and maintained by a Receiving Party at a location and in

8

1  a secure manner that ensures that access is limited to the persons authorized under this Order.

2      7.2    Disclosure of "CONFIDENTIAL" Information or Items.

3      Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

4  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

5      (a)  the Receiving Party's Counsel of Record in this action, as well as employees of

6  said Counsel of Record to whom it is reasonably necessary to disclose the information for this

7  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

8  attached hereto as Exhibit A;

9      (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

10  reasonably necessary for this litigation and who have signed the "Acknowledgment and

11  Agreement to Be Bound" (Exhibit A);

12      (c)  the court and its personnel;

13      (d)  court reporters and their staff, professional jury or trial consultants, mock jurors,

14  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

15  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16      (e)  during their depositions, witnesses in the action to whom disclosure is reasonably

17  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

18  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

19  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

20  bound by the court reporter and may not be disclosed to anyone except as permitted under this

21  Stipulated Protective Order.

22      (f)  the author or recipient of a document containing the information or a custodian or

23  other person who otherwise possessed or knew the information.

24      7.3  Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

25  Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party,

26  Counsel for the Receiving Party may not disclose any information or item designated

27  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff, members of Plaintiff's family,

28  friends or associates of Plaintiff, or to any inmate, parolee, or person previously in the custody of

9

CDCR or any of their relatives, friends, associates, or the public. Counsel for the Receiving Party also may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Defendants or any other CDCR employee unless that person otherwise qualifies to receive it under this section. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only Counsel for the Receiving Party may have access to and review any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Staff employed by Counsel and Expert(s) retained by the Receiving Party will not disclose any item or information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation. Counsel may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  Expert witnesses of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4  Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

/ / /

/ / /

/ / /

12

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

13

1    seek its modification by the court in the future.

2        12.2    Right to Assert Other Objections.  By stipulating to the entry of this Stipulated

3    Protective Order, no Party waives any right it otherwise would have to object to disclosing or

4    producing any information or item on any ground not addressed in this Stipulated Protective

5    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

6    the material covered by this Stipulated Protective Order.

7        12.3    Filing Protected Material.  Without written permission from the Designating Party

8    or a court order secured after appropriate notice to all interested persons, a Party may not file in

9    the public record in this action any Protected Material.  A Party that seeks to file under seal any

10   Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed

11   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

12   issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request

13   establishing that the Protected Material at issue is entitled to protection under the law.

14   13.    FINAL DISPOSITION

15       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16   Receiving Party must return all Protected Material to the Producing Party or destroy such

17   material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18   compilations, summaries, and any other format reproducing or capturing any of the Protected

19   Material.  Whether the Protected Material is returned or destroyed, upon request of the Producing

20   Party, the Receiving Party must submit a written certification to the Producing Party (and, if not

21   the same person or entity, to the Designating Party) within 60 days that (1) identifies (by

22   category, where appropriate) all the Protected Material that was returned or destroyed and (2)

23   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

24   or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

25   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

26   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

27   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

28   such materials contain Protected Material.  In addition, Counsel of Record is not required to

1   destroy or return copies of Protected Material that may be stored on back-up storage media

2   created in the Counsel of Record's normal course of business and retained for disaster-recovery

3   purposes, but Counsel of Record should make an attempt to destroy or return such copies as

4   feasible.  Any such archival copies that contain or constitute Protected Material remain subject to

5   this Protective Order as set forth in Section 4 (DURATION).

6              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7   Dated: July 22, 2025                              Respectfully submitted,

8                                                     ROB BONTA
                                                      Attorney General of California
9                                                     JON ALLIN
                                                      Supervising Deputy Attorney General
10

                                                      */s/Jeremy Duggan*
11

12                                                    JEREMY DUGGAN
                                                      Deputy Attorney General
13                                                    *Attorneys for Defendant*
                                                      *Masferrer, Carrillo, Munoz, Harris and*
14                                                    *Escarcega*

15  Dated:  July 14, 2025
                                                      Respectfully submitted,
16

17                                                    */s/Brian McMahon (as authorized 7/14/25)*

18                                                    BRIAN D. MCMAHON
                                                      *Attorneys for Plaintiff Joe Ninos*
19
    IT IS SO ORDERED.
20
        Dated:   **July 23, 2025**
21                                                    _____
                                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3       I, _____ [print or type full name], of _____ [print or

4 type full address], declare under penalty of perjury that I have read in its entirety and understand the

5 Stipulated Protective Order that was issued by the United States District Court for the Eastern District of

6 California on <u>July 23, 2025</u>, in the case of *Nino v. Munoz et al.,* Eastern District of California Case No.

7 1:20-cv-01722.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

8 and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment

9 in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

10 item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

11 with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for the Eastern

13 District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

14 such enforcement proceedings occur after termination of this action.

15       I hereby appoint _____ [print or type full name] of

16 _____ [print or type full address and telephone number] as my

17 California agent for service of process in connection with this action or any proceedings related to

18 enforcement of this Stipulated Protective Order.

19

20 Date: _____

21 City and State where sworn and signed: _____

22 Printed name: _____
        [printed name]

23

24 Signature: _____
        [signature]

25

26

27 SA2022801505
39135414.docx

28

16
