UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE NINO,<br>Plaintiff,<br>v.<br>J. MUNOZ, et al.,<br>Defendants. | Case No. 1:20-cv-01722-KES-CDB (PC)<br>**ORDER REGARDING PARTIES' STIPULATION TO FURTHER MODIFY THE AMENDED SCHEDULING ORDER**<br>(Doc. 84) |

Plaintiff Joe Nino, appearing through counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. A pretrial conference is set for October 26, 2026, and a jury trial to commence January 12, 2027, before District Judge Kirk E. Sherriff.

On October 2, 2026, the parties filed a stipulation and proposed order to modify the amended scheduling order. (Doc. 84.) Specifically, the parties seek to extend the deadline to serve expert disclosures, serve rebuttal expert disclosures, and to complete expert discovery as it relates to medical experts only. (*Id.* at 1.) More particularly, the parties seek to extend the deadline for serving expert disclosures from "July 24, 2026" to "August 24, 2026," to extend the deadline for serving rebuttal expert disclosures from "August 24, 2026" to October 23, 2026, and to extend the completion of expert discovery from October 16, 2026,[1] to November 30, 2026. (*Id.* at 2.)

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This

[1] This deadline was previously extended by the order issued September 16, 2026. (Doc. 83.)

good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

The parties indicate they have worked diligently to complete expert disclosures and have exchanged initial expert disclosures but due to their schedules, and the schedules of the experts, the parties have agreed to the extensions requested above. Further, the parties indicate their belief that the requested modifications will not affect "other scheduled dates in this matter." (Doc. 84 at 1.)

The Court notes two of the deadlines for which the parties request an extension — serving expert disclosures (July 24, 2026) and serving rebuttal expert disclosures (August 24, 2026) concerning medical experts — have passed. Nevertheless, considering the parties' representations of diligence, the Court will grant those extensions *nunc pro tunc*.

Separately, while the parties have indicated their belief that the requested modifications will not affect "other scheduled dates," the undersigned reminds the parties that they are required to file a Joint Pretrial Statement by October 13, 2026 (the deadline, October 12, is a court holiday), consistent with Judge Sherriff's standing order and this Court's Local Rules, which require a joint pretrial statement be filed 14 days prior to the October 26, 2026, pretrial conference. (*See* Doc. 80.)

Accordingly, and for good cause shown, the Court **HEREBY ORDERS** that:

1. The parties' stipulation filed October 2, 2026 (Doc. 84) is **GRANTED as follows**:
    a. The deadline for serving medical expert disclosures is extended, *nunc pro tunc*, from July 24, 2026, to August 24, 2026;
    b. The deadline for serving rebuttal medical expert disclosures is extended, *nunc pro tunc*, from August 24, 2026, to October 23, 2026; and
    c. The deadline for completing medical expert discovery is extended from October 16, 2026, to November 30, 2026.

///

2. No other deadlines in the Amended Scheduling Order, issued May 19, 2026, are affected.

IT IS SO ORDERED.

Dated: **October 8, 2026**

UNITED STATES MAGISTRATE JUDGE